UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CLINTON WILLIAMS | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-195-SDJ |
| | § | |
| RAFIQ KHAN | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Clinton Williams's Motion for Default Judgment and Permanent Injunctive Relief as to Rafiq Khan (the "Motion") and Williams's Motion for Ruling on Default Judgment (the "Motion for Ruling"). (Dkt. #7, #9). After full consideration, the Court finds that the clerk's entry of default is vacated, the Motion is denied, and the Motion to Rule is denied as moot.

## I. Background

The present dispute is based on a claim under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA") and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). Plaintiff Clinton Williams is an individual with a physical disability and mobility impairments. (Dkt. #1 at 2). Defendant Rafiq Khan owns and controls the property in McKinney, Texas on which a Vapor N More business is located. (Dkt. #1 at 2–3). Vapor N More is a place of public accommodation within the scope of the ADA. *See* 42 U.S.C. § 12181(7); (Dkt. #1 at 3).

In December 2024, Williams went to Vapor N More and experienced difficulties due to the lack of ADA-compliant, van-accessible spaces on the shortest access route to the business and lack of ADA-required handicapped parking signs. (Dkt. #1

at 3–8). The absence of ADA-complaint parking "negatively affected" Williams's life and prevented him from accessing a local business. (Dkt. #1 at 7–8). Williams wishes to return to Vapor N More in the future. (Dkt. #1 at 7).

Williams filed this complaint against Defendant claiming discrimination under the ADA. (Dkt. #1 at 8). On April 16, 2025, Plaintiff filed a return of service, (the "Return"). (Dkt. #4). The Return included the federal AO440 proof of service, signed by Plaintiff's counsel, R. Bruce Tharpe, stating "Summons and Complaint served by certified mail, return receipt requested, USPS tracking No., 95890710 5270 1299 3666 76 on 3/18/2025 to defendant Rafiq Khan at address of 1300 S. McDonald, McKinney, TX 75069-716." (Dkt. #4 at 2). Plaintiff also attached photocopies of the certified mail return receipt ("Green Card"). (Dkt. #4 at 3). The Green Card states the mail was delivered on March 18 and signed by an individual appearing to be named "Syad" who checked the box that he was the addressee's agent. (Dkt. #4 at 3).

After Defendant's failure to respond for a month, Williams requested, and the clerk's office entered, default as to Defendant. (Dkt. #6). Williams now moves for default judgment on his claim. (Dkt. #7). Williams also filed a motion for a ruling on the default judgment. (Dkt. #9).

Williams seeks injunctive relief to permanently enjoin Defendant and his agents from violating the ADA by discriminating against individuals with disabilities and to compel Defendant to alter his facilities in order to make them ADA complaint. (Dkt. #7 at 7–8). Additionally, Williams asks the Court to allow post-judgment

discovery to ensure Defendant's compliance with the Court's order as well as attorney's costs and fees. (Dkt. #7 at 8–9).

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party and the procedure to seek entry of a default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* The plaintiff may then apply for a judgment by the court based on this default—a "default judgment." *Id.*

Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Federal Rule of Civil Procedure 55(c) states that the court may set aside an entry of default 'for good cause.'" *Aromaye v. U.S. Bank Tr. Nat'l Ass'n as Tr. for B4 Residential Mortg. Tr.*, No. 6:24-CV-00188-JCB-JDL, 2025 WL 4080569, at *1 (E.D. Tex. Jan. 24, 2025). The Fifth Circuit has instructed district courts, analyzing whether good cause exists, to "consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). Because the Fifth Circuit generally disfavors default judgments, "[T]he requirement of 'good cause' . . . ha[s] generally been

interpreted liberally." *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (noting that courts prefer "[the] disposition of cases on their merits, not [] the termination of litigation by procedural maneuver.").

## III. Discussion

Because Plaintiff has failed to properly serve Defendant pursuant to either the Federal or Texas rules of civil procedure, the clerk's Entry of Default is vacated, the Motion is denied, and the Motion to Rule is denied as moot.

### A. The Court Clerk's Entry of Default

"It is axiomatic that a defendant has no duty to answer a lawsuit until properly served; and consequently, a plaintiff is not entitled to obtain a default judgment until proper service is effectuated." *RooR Int'l BV v. A1 Smoke Shop Inc.*, No. 4:18-cv-3828, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019), *report and recommendation adopted*, 2019 WL 6330483 (S.D. Tex. Nov. 25, 2019). The Plaintiff, thus, bears the burden of demonstrating proper service. *See Aromaye*, 2025 WL 4080569, at *1. "Without proper service, there is no personal jurisdiction over [a] defendant, and thus, the Court has 'good cause' to set aside the default as it is 'void.'" *Schopp v. Results Nat'l LLC*, 4:16-cv-00890-ALM-KPJ, 2017 WL 6030081, at *2 (E.D. Tex. Nov. 15, 2017); *see Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) (noting that "when a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside").

The Federal Rules of Civil Procedure provide a plaintiff suing an individual in the United States with both federal and state methods of service of process. FED. R. CIV. P. 4(e). Specifically, the Rule provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Williams appears to have sought service under Rule 4(e)(1) by sending the complaint and summons by certified mail—a method authorized in Texas with specific qualifications. *See* (Dkt. #4); TEX. R. CIV. P. 106. If service fully conforms to Texas law, then the service of process would conform with Rule 4(e)(1) and would therefore be valid. *See Delta S.S. Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir. 1985). However, as detailed below, service was not valid under Texas law and was therefore invalid under federal law.

Under Texas Rule of Civil Procedure 106, service of process may be made by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a)(2). Further, "[w]hen the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with

the addressee's signature." TEX. R. CIV. P. 107. Finally, Texas law provides that "[p]rocess . . . may be serviced anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified by the Judicial Branch Certification Commission." TEX. R. CIV. P. 103. Critically, "no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . " *Id.*

The first issue with service of process in this case is that service was made by Williams's attorney, R. Bruce Tharpe. (Dkt. #4 at 2). The proof of service states that Mr. Tharpe mailed everything. (Dkt. #4 at 2). But under Texas law Mr. Tharpe, as the attorney in the case, is not an authorized person to serve process. *See* TEX. R. CIV. P. 103. Because he is Plaintiff Clinton Williams's attorney, Mr. Tharpe is an interested party and therefore barred from effectuating service under Rule 103. *See Ikon Office Sols., Inc. v. Integrity Commc'ns, Ltd.*, No. 13-04-00243-CV, 2006 WL 1644670, at *3 (Tex. App.—Corpus Christi–Edinburg June 15, 2006, pet. denied) (vacating a default judgment because the certified mail was mailed by the plaintiff's attorney). Further, Mr. Tharpe is not an officer authorized by Texas law, namely, a sheriff, constable, or clerk of court. *Albano*, 768 F.2d at 730 (explaining under Texas law, service via certified mail may only be made by the "three officers Texas law empowers to serve process[:] . . . the sheriff, constable, and clerk of court."). Service in this case was therefore made in violation of Texas law. *See* TEX. R. CIV. P. 103.

Accordingly, it is invalid under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(e)(1).

Second, under Texas law, for service via certified mail, the return receipt must have the signature of the addressee. *See* TEX. R. CIV. P. 107(c). The Green Card shows that the "agent" box was checked for signature rather than the "Addressee." (Dkt. #4 at 3). Plaintiff failed to show how or whether this individual is actually an agent of Mr. Khan. *See Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 383 (Tex. App.—El Paso 2019, no pet.) ("A number of Texas cases have held that Rule 107 requires a showing of the connection between the person signing for the process and the actual addressee."); *Aromaye*, 2025 WL 4080569, at *2 (vacating default because defendant failed to show the individual who received the certified mail containing the counterclaims "was an authorized agent of Plaintiff that could accept service on Plaintiff's behalf."). The proof of service shows an individual appearing to be named "Syad" received the process, not Defendant Rafiq Khan. *See Aromaye*, 2025 WL 4080569, at *2 ("Defendant's proof of service clearly shows that Plaintiff was not served with a copy of the counterclaims through certified mail—a 'T. Tisdall' received the counterclaims."). "Thus, because the return receipt was not signed by the addressee, and [Williams] has failed to proffer evidence that [Syad] was authorized to receive service on behalf of [Khan], service of process was defective." *Id.*

(citing *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet denied)).

For the foregoing reasons, service was improper. Thus, the court clerk's Entry of Default, (Dkt. #6), should be set aside.

**B. The Motion for Default Judgment**

Because the court vacates the clerk's Entry of Default, Williams's motion for default judgment is procedurally improper. *See, e.g.*, *Aromaye*, 2025 WL 4080569, at *2; *Hester v. United States*, No. 4:20-CV-00065-RAS-CAN, 2021 WL 3354894, at *5 (E.D. Tex. June 2, 2021), *report and recommendation adopted*, 2021 WL 3476037 (E.D. Tex. Aug. 5, 2021); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed. 2021) ("[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). However, the Court will grant Williams time to effectuate service in accordance with Rule 4(e).

## IV. CONCLUSION

It is therefore **ORDERED** that the clerk's Entry of Default Judgment, (Dkt. #6) is **VACATED**.

It is further **ORDERED** that Williams's Motion for Default Judgment, (Dkt. #7), is **DENIED**.

It is further **ORDERED** that Williams has **thirty (30) days from entry of this Order** to file proof of service which complies with state or federal law. Failure to file proof of service will result in dismissal without prejudice.

It is further **ORDERED** that Williams's Motion for Ruling on Default Judgment, (Dkt. #9), is **DENIED** as moot.

**So ORDERED and SIGNED this 28th day of September, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE